# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN CULBERTSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-00658-O-BP |
| | § | |
| SELECT PORTFOLIO SERVICING, INC., | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant's Motion for Judgment on the Pleadings (ECF No. 6), filed September 7, 2017. Plaintiff John Culbertson ("Culbertson") has not filed a response despite the Court notifying him of the deadline to respond and, though he did not seek an extension, twice extending the response deadline *sua sponte*. ECF Nos. 8, 11, and 12. In fact, Culbertson has not made any filings beyond the original complaint or communicated with this Court in any way.

Culbertson seeks to avoid foreclosure on his home through loan modification or sale of the property. ECF No. 1-3 at 8. He claims that guidelines promulgated by the Consumer Finance Protection Bureau ("CFPB") protect his property against foreclosure. *Id.* He sought a temporary restraining order to enjoin the foreclosure sale in the state court from which this case was removed. *Id.* at 8–9.

On September 7, 2017, Defendant Select Portfolio Servicing, Inc. ("SPS") filed a Motion for Judgment on the Pleadings and Brief in Support (ECF No. 6) and Appendix in Support (ECF No. 7). SPS attached to its motion as evidence the adjustable rate note, the deed of trust, documentation of two transfers and assignments, notice of appointment of substitute trustee, and

notice of trustee's sale. ECF No. 7. SPS argues that Culbertson has not asserted any cause of action and cannot assert any valid claims. ECF No. 6 at 5. SPS argues that Culbertson does not have standing to sue for violations of the CFPB because he is not a borrower, as his wife, not he, signed the promissory note for the property at issue. *Id.* at 6–7. SPS further argues that Culbertson does not have a right to a loan modification. *Id.* at 7–8. SPS requests that the Court dismiss all of Culbertson's claims with prejudice. *Id.* Culbertson has not responded to Defendant's Motion for Judgment on the Pleadings despite having had several opportunities to do so.

Because it is clear that the Defendant is entitled to judgment as a matter of law for each of the reasons stated in its Motion for Judgment on the Pleadings (ECF No. 6), the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Defendant's Motion to Dismiss and **DISMISS** with prejudice all of Plaintiff's claims, unless Plaintiff objects to this Recommendation and responds to the Motion to Dismiss within the fourteen days prescribed for objections.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed December 4, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE